**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No.: 07-018 ML** |
| | : | |
| **MANUEL MENDEZ-PIMENTAL** | : | **June 22, 2007** |

**MOTION TO DEPART**

Now comes the Defendant in the above-entitled cause and moves for a departure in accordance with United States V. Booker, 543 U.S. 220 (2005).

Respectfully submitted,
**MANUELMENDEZ-PIMENTAL**,
By his Attorney,

/s/ John M. Cicilline
John M. Cicilline, Esq. #3350
81 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jmcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on June 22, 2007, a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ John M. Cicilline

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No. : 07-018-ML** |
| | : | |
| **MANUEL MENDEZ-PIMENTAL** | : | **June 22, 2007** |

## MEMORANDUM IN SUPPORT TO MOTION TO DEPART

All Sentences imposed after United States v. Booker, 543 US 220 (2005) must conform to the reasonableness test established by Booker. Procedurally, under the advisory guidelines, the sentencing court is to begin by calculating the applicable guideline range and then determine whether other factors warrant an ultimate sentence above or below the guideline range. United States v. Zapete-Garcia, F.3d (1st Cir. 2006) (No. 05-1352); United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) (en banc). In this effort the court must consider factors identified by the parties and it is also bound to consider the several sentencing factors set out in 18 U.S.C. 3553 (a). United States v. Alli, F. 3d (1st Cir. 2006) WL893 620.

These factors include:

a) the nature and circumstances of the offense and the history and characteristics of the defendant

b) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care

c) the kinds of sentences available

d) the kinds of sentence and the sentencing ranges established by the guidelines.

e) any pertinent policy statements

f) The need to avoid unwarranted sentence disparities' among defendants with similar records who have been found guilty of similar conduct, and

g) the need to provide restitution to any victims of the offense.

In Zapete-Garcia, the circuit emphasized the need for the sentencing court to considerer the section 3553 (a) factors, and highlighted the importance of particularizing the sentence chosen.

Reasonableness, as defined by Booker, is a condition which must color every sentence. And it matters not whether the reasonableness quotient takes the case out of the guidelines. United States v. Jimenez-Beltre, 440 F.3D 514 (1st Cir. 2006) because the guidelines are still generalizations that can point to outcome that may appear unreasonable, to a sentencing judge. Id. The court, thus has a new found discretion to impose a non guideline sentence. Id; United States v. Robinson, 433 F. 3d 31 (1st Cir. 2005).

In Koon v. United States, 518 US 81 (1996) the court held that if a factor is not expressly forbidden it may, at least in an exceptional case serve as a basis for a departure. The only departure factors entirely forbidden by the guidelines are race, sex, national, origin, creed, religion and social and economic status. United States v. Alina Perez, 160 F. 3d 87 (1st Cir. 1999); United States v. Rivera, 994 F.2d 942 (1st Cir 1993), United States v. Skalr, 920 F.2d 107 (1st Cir. 1990).

The Cases all recognize the wisdom and even the necessity of sentencing procedures that take into account individual circumstances. Koon, pg. 92. In doing so, courts are authorized to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into account by the Sentencing Commission.

In general sentencing courts are to regard each guideline as carving out a heartland, a set of typical cases embodying the conduct each guideline describes. United States v. Grandmaison, supra; Guideline Manual Ch. 1, Pt. A Introduction Comment 4 (b); United States v. Jackson, 30 F3d 199 (1st Cir. 1994). Departures, therefore, are to be the exception rather than the rule. Jackson, at 201; United States v. De Costa, 37 F.3d (5th Cir. 1994). The court, however, has the power to depart downwardly in unusual cases where circumstances are out of the ordinary. United States v. Rivera Maldonado, 194 F.3d 224 (1st Cir. 1999); see also United States v. Gaskill, 991 F. 2d 82 (3d Cir. 1993); United States v. Johnson, 964 F.2d 124 (2nd Cir. 1992); United States v. Alba, 933 F.2d 1117 (2nd Cir. 1991); United States v. Pena, 930 F.2d 1486 (10th Cir. 1991).

The Sentencing Reform Act does permit a sentencing court to depart from a guideline presumptive sentencing range when it finds that there exists an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into account by the Sentencing Commission in formulating the guidelines. Williams v. United States, 503 US 193 (1992); United States v. Rivera, 994 Fed. 942 (1st Cir. 1993).

The sentence which the court ultimately fashions must be sufficient but not greater than necessary for achieving the legitimate objectives of sentencing. United

States v. Dixon, 449 F.3d 194 (1st Cir. 2006); United States v. Jimenez-Beltre, 440 F.3d at 518-519.

The defendant is seeking a downward departure under United Sates v. Booker, 543 US 220 (2005).

The pre-sentence report places the defendant at a base offense level of 17 and a criminal history category of II. His sentencing range is 33-41 months. This number is clearly excessive when you look at the crime he has pleaded guilty to.

The basis of his original deportation was an 18 months probationary sentence. If he hadn't violated that sentence and received the 30 day sentence to serve his base offense level in this case would have been 16. This number would have been reduced by 3 for acceptance of responsibility and additional 2 levels for the Safety Valve.

Based on an offense level of 11 in criminal history category I, the sentence range would have been 8-14 months.

Based on his violation of his state probation it appears that his sentencing range is extremely high indigent of the criminal conduct he has committed in this matter.

Wherefore you respectfully requests that the court impose a reasonable sentence under United States v. Booker, 534 U.S. 220.

Mr. Mendez stands before the Court ready to accept his sentence. In calculating his sentence the Court must calculate the applicable guideline range and then determine if these are factors that would allow a sentence below the range to be given and if so would it be reasonable.

Respectfully submitted,
**MANUEL MENDEZ-PIMENTAL,**
By his Attorney,

/s/ *John M. Cicilline*

John M. Cicilline, Esq. #3350
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jmcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on June 22, 2007, a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *John M. Cicilline*